FRIEDLANDER, Judge,
dissenting.
I believe the advertisement in question does not run afoul of the Indiana Deceptive Consumer Sales Act and therefore respectfully disagree that a question of fact remains that renders Kesling’s cause of action on that basis viable.
The provision in question states:
(a) The following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:
(1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.
Ind.Code Ann. § 24-5-0.5-3 (West, West-law current with all 2012 legislation). The Majority concludes that (1) “Sporty Car at a Great Value Price” arguably conveys the representation that the car was safe to operate, (2) a question of fact remains as to whether the car in question was not, in fact, safe to operate, and (3) a question of fact remains as to whether Hubler Nissan knew it was unsafe, but nonetheless implied that it was (see (1) above). To survive summary judgment, Kesling was required to establish all three of these propositions. I believe Kesling’s case fails at (1).
Unlike the Majority, I cannot agree that “Sporty Car at a Great Value Price” says anything at all about the car’s drivability— much less that it warrants that the vehicle is in a condition such that it may be safely operated. Rather, it merely says what it says, i.e., (1) that the car is “sporty,” which is commonly understood to mean resembling or styled after a sports car; and (2) that the purchase price is low relative to the vehicle’s market value. Leaving aside the fact that this very generic advertising phrase is widely regarded as typical used-car-sales puffery that conveys virtually nothing about the particular vehicle to which it is attached, the phrase is devoid of content relative to the vehicle’s operating status. In my view, the Majority’s conclusion that the phrase may be interpreted to infer that the vehicle may be safely operated in its current condition is simply unreasonable. I would affirm summary judgment in favor of Hubler Nissan.